UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

DOROTHY LAFORTUNE,            )
                              )  Docket No. 08-mc-161-P-S
                              )
          Petitioner.         )

**ORDER ON PETITIONER'S PRO SE MOTION FOR REQUESTED ORDER**

Before the Court is Petitioner's *pro se* Motion for Requested Order and Request for Hearing (Docket #s 1 & 2).  As explained herein, the Court DENIES the Motion and DISMISSES this matter *sua sponte* in light of various jurisdictional defects.

Petitioner Dorothy LaFortune seeks "court-initiated documentation validating her lawful standing as wife" to deceased veteran Philip Castora.  (Mot. for Order (Docket # 1) at 1.)  LaFortune appears to require such documentation to obtain "information and/or records" regarding her husband's death, as well as potential death benefits.[1]  In support, LaFortune presents a Certificate of Marriage solemnized by Reverend Andrea Murillo and two Department of Veterans Affairs "Supporting Statements Regarding Marriage."

On the face of the pleadings,[2] the Court cannot determine the existence of a proper case or controversy or valid subject matter jurisdiction, and therefore cannot properly act upon this petition.  First, in presenting her claim unopposed and without a more complete underlying factual record, Petitioner effectively seeks an advisory opinion

---

[1] Although Petitioner does not mention veterans benefit in her pleadings, a Department of Veterans Affairs "Supporting Statement Regarding Marriage" is used to "determine eligibility for benefits based on a marital relationship between the claimant and the veteran."  (Docket #s 1-4 & 1-5.)

[2] The Court construes liberally a *pro se* litigant's pleadings.  See Gilday v. Boone, 657 F.2d 1, 2 (1st Cir. 1981); Brown v. Dep't of Veterans Affairs, 451 F. Supp. 2d 273, 276-77 (D. Mass. 2006).  But of course, "[*p*]*ro se* plaintiffs, like all parties, must comply with the applicable procedural and substantive rules of law, and dismissal remains appropriate when the court lacks jurisdiction over the claims."  Brown, 451 F. Supp. 2d at 277 (citation and internal punctuation omitted).

regarding the status of her marriage.  This Court is constitutionally prohibited from issuing such advisory opinions.  See Flast v. Cohen, 392 U.S. 83, 95 (1968) (limiting the business of the federal courts "to questions presented in an adversary context and in a form historically viewed as capable of resolution through the judicial process"); Overseas Military Sales Corp., Ltd. v. Giralt-Armada, 503 F.3d 12, 16-17 (1st Cir. 2007).  Even if a more complete record allowed the Court to find an actual case or controversy, federal courts traditionally abstain from "matrimonial matters best left to the states," even when confronted with ostensible constitutional claims.  Hernstadt v. Hernstadt, 373 F.2d 316, 318 (2d Cir. 1967); see also Elk Grove Unified Sch. Dist. v. Newdow, 542 U.S. 1, 13 (2004).  Finally, it appears that Petitioner ultimately seeks judicial review of an underlying benefits determination made by the VA.  Congress has precluded such review in the federal district courts.  See 38 U.S.C. §§ 511, 7251 et seq.; Brown v. Dep't. of Veterans Affairs, 451 F. Supp. 2d 273, 277 (D. Mass. 2006); Pate v. Dep't. of Veterans Affairs, 881 F. Supp. 553, 555 (M.D. Ala. 1995).

In short, to the extent Petitioner seeks a ruling validating her marriage, her request must be directed to the state courts; to the extent she seeks review of a benefits determination, Petitioner must proceed before the Board of Veterans Affairs and the United States Court of Appeals for Veterans Claims.  Accordingly, the Court DENIES Petitioner's Motion for Requested Order and Request for Hearing (Docket #s 1 & 2) and DISMISSES this matter for lack of jurisdiction.

SO ORDERED.

/s/ George Z. Singal
Chief U.S. District Judge

Dated this 21st day of October, 2008.